

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 3, 1950

Hon. Will R. Wilson, Jr.      Opinion No. V-1111
District Attorney
Dallas 2, Texas           Re: Legality of review by
                                  the County Auditor and
                                  the Commissioners' Court
                                  of expense accounts for
                                  visiting district judges
                                  which have been approved
                                  by the Presiding Judge
                                  of the Administrative
Dear Sir:                   District.

You have presented the following questions relative to payment of expense accounts of visiting district judges:

"1.  Is such an expense account subject to audit and/or review by:

"a.  The presiding judge of the district;
"b.  County Auditor;
"c.  Commissioners' Court?

"2.  If the account is subject to review by the presiding judge of the judicial district, may he refuse approval if, in his opinion, the account does not represent actual expenses or a close approximation thereof?

"3.  If the account is subject to review by the auditor, may he refuse approval for payment if, in his opinion, the account does not represent actual expenses?

"4.  If the account is subject to review by the Commissioners' Court, may the court refuse approval for payment if, in its opinion, the account does not represent actual expenses or a reasonable approximation thereof?

"5.  Is the presiding judge's approval (either with or without review) final and not subject to further audit or review?

"6. If the expense account is subject
to review by the County Auditor, is he au-
thorized to demand receipted invoices for
hotel bills?"

Article 1660, V.C.S., provides:

"All claims, bills and accounts against
the county must be filed in ample time for
the auditor to examine and approve same be-
fore the meetings of the commissioners court.
No claim, bill or account shall be allowed
or paid until it has been examined and ap-
proved by the county auditor. The auditor
shall examine the same and stamp his approv-
al thereon. If he deems it necessary, all
such accounts, bill, or claims must be veri-
fied by affidavit touching the correctness
of the same. The auditor is hereby author-
ized to administer oaths for the purposes of
this law."

The pertinent part of Article 2351, V.C.S., is
as follows:

"Each commissioners court shall:

" . . .

"10. Audit and settle all accounts
against the county and direct their pay-
ment."

These are general statutes which require an au-
dit and approval of claims against the county by the audi-
tor and commissioners' court before they may be paid.

However, Section 10 of Article 200a, V.C.S.,
provides:

"When the district judges are assigned
under the provisions of this Act to districts
other than their own district and out of their
own counties, they shall, in addition to all
other compensation permitted or authorized by
law, receive their actual expenses in going to
and returning from their several assignments,
and their actual living expenses while in the
performance of their duties under assignments,

which expenses shall be paid out of the General Fund of the county in which their duties under assignments are performed, <u>upon accounts certified and approved by the Presiding Judge of the Administrative District.</u>" (Emphasis added.)

In 2 Sutherland, Statutory Construction (3rd Ed. 1943), 541-543, it is stated:

"General and special acts may be in <u>pari materia</u>. If so, they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling."

In <u>Townsend v. Terrell</u>, 118 Tex. 463, 467, 16 S.W.2d 1063, 1064 (1929) the court said:

". . . It is only where acts are so inconsistent as to be irreconcilable that a repeal by implication will be indulged. If there exists such conflict, then there is a presumption of the intention to repeal all laws and parts of laws in conflict with the clear intention of the last act. This is necessarily true where both acts cannot stand as valid enactments.

"This rule of construction has found frequent and apt illustration where one of the supposedly conflicting statutes was general in its terms and the other specific. In such a case it is universally held that the specific statute more clearly evidences the intention of the Legislature than the general one, and therefore that it will control. In such a case both statutes are permitted to stand - the general one applicable to all cases except the particular one embraced in the specific statute. . . ."

Applying the principle announced in the above

cases to the instant case, the Legislature did not intend that the approval of the claims of the district judges who have been assigned to try cases in districts other than their own and out of their own counties under the provisions of Article 200a, V.C.S., should be governed by the provisions of Articles 1660 or 2351, V.C.S.

Generally claims to be paid by the county must have the approval of the commissioners' court and county auditor. However, Section 10 of Article 200a sets out specifically the prerequisites for payment of expense accounts for visiting district judges. Under these provisions the only requirement is that such accounts be "certified and approved by the Presiding Judge of the Administrative District." There is no provision in Article 200a to indicate that its provisions are to be cumulative of Articles 1660 and 2351. On the contrary, it is our opinion that the Legislature intended to substitute the approval of the presiding judge in lieu of that of the commissioners' court and county auditor.

You are therefore advised that such expense accounts are subject to audit and review by the presiding judge of the administrative district only.

In answer to your second question, it is our opinion that it is the duty of a presiding judge to refuse to approve an expense account of the district judge if in his opinion the account does not represent actual expenses.

In view of the above answers, we do not deem that a discussion of questions three and four is necessary.

In regard to your fifth and sixth questions, such expense accounts are subject to audit by the county auditor from a "bookkeeping" standpoint. However, this is not to be construed so as to authorize a county auditor to review the legality of items of expenditure contained therein when certified and approved by a presiding judge of the administrative district.

## SUMMARY

Expense accounts of visiting district judges are subject to audit and review by the presiding judge of the administrative district only.  Art. 200a, Sec. 10, V.C.S. The presiding judge should refuse to approve an expense account of a district judge if in his opinion the account does not represent actual expenses.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
First Assistant

BA:mw

Yours very truly,

PRICE DANIEL
Attorney General

By   *[signature]*

Bruce Allen
Assistant